[No. 6103–1–II.   Division Two.   December 8, 1983.]

*In the Matter of the Estate of*
CARL LARSON.

---

*Clifford C. Benson* and *Lynda Frazier*, for appellants.

*James P. Moceri* and *Michael S. Manza,* for respondent.

REED, J.—This is a dispute over attorney's fees.

Carl Larson died intestate on January 27, 1979, in Pierce County, Washington. Forty–five relatives in the United States and Sweden ultimately were determined to be entitled to inherit under the descent and distribution statute. The decedent's first cousin, Ivan O. Swanson, qualified and was appointed personal representative. He engaged the law firm of Manza, Moceri, Gustafson & Messina, P.S., to assist him in the probate. These chores were handled initially by Michael S. Manza and later by his son, Patrick Manza. Administration of the estate required identification and genealogic classification of the numerous heirs, liquidation of estate assets, filing of federal and state tax returns, and distribution of assets to heirs. The proceeds from the sale of the estate assets, principally some valuable timberlands, totaled $463,672.36.

When the estate was ready to close, 33 of the 34 heirs in Sweden through their attorney–in–fact objected to the personal representative's final report and petition for distribution on three bases: (1) too much federal estate tax was paid; (2) the real estate was valued inconsistently in the federal and state tax returns; and (3) the attorney's fees requested were excessive. The first two objections were abandoned shortly before the hearing on the final report. At the hearing held before a superior court commissioner both the personal representative and the objectors presented expert testimony on the reasonableness of the requested attorney's fees of $23,145. The commissioner found the requested fees were reasonable and entered findings of fact, conclusions of law and an order approving the final report. He also ordered the objectors' share of the estate to bear the burden of $10,000 additional attorney's fees and $2,010.85 costs incurred by the Manza firm in

defense of the final report.

The objectors brought a motion for revision pursuant to RCW 2.24.050,[1] seeking review of the court commissioner's order before a superior court judge. The judge reviewed the record before the court commissioner, heard oral argument, and denied the motion. His order directed payment of $23,145 to the Manza firm for attorney's fees and approved the court commissioner's assessment of $12,010.85 in additional attorney's fees and costs against the objectors' share of the estate. In addition, he allowed attorney's fees of $4,030 and costs of $350 for resisting the motion for revision and assessed these items against the objectors' share of the estate.

The objectors appeal the judge's order denying their motion for revision and assessing additional fees and costs against them. We affirm in part and reverse in part.

The objectors' first claim is that a superior court judge has no power under RCW 2.24.050 to deny a timely motion for revision. They ask us to remand for a new trial on the factual issue of the reasonableness of the attorney's fees or to engage in a de novo review of the written record ourselves. We decline to do so. On a motion for revision the judge is required to engage in a de novo review on the record before the court commissioner, including the findings of fact and conclusions of law entered by the court commissioner. RCW 2.24.050; *State ex rel. Biddinger v. Griffiths*, 137 Wash. 448, 242 P. 969 (1926); *In re Smith*, 8

---

[1]RCW 2.24.050 provides:

"Revision by court. All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner. Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner, and unless a demand for revision is made within ten days from the entry of the order or judgment of the court commissioner, his orders and judgments shall be and become the orders and judgments of the superior court, and from same an appeal may be taken to the supreme court or the court of appeals in all cases where an appeal will lie from like orders and judgments entered by the judge."

Wn. App. 285, 505 P.2d 1295 (1973). Revision means review. *State ex rel. Biddinger v. Griffiths, supra.* The record discloses that the judge reviewed the probate file, the transcript of proceedings and exhibits before the court commissioner, and the commissioner's findings of fact and conclusions of law. This was the appropriate review. It is clear that by denying the motion for revision the judge meant that he would not change the commissioner's findings, conclusions or ruling.

The objectors' next claim is that, because the judge entered no findings of fact and conclusions of law of his own, this case should be remanded for a new trial or entry of findings and conclusions. This argument has no merit. In the judge's oral opinion he specifically adopts the court commissioner's findings of fact and conclusions of law as his own.

■ We turn now to the objectors' central claim before the court commissioner, the judge, and this court. The objectors contend that the $23,145 attorney's fee originally requested in the final report of the personal representative is not a reasonable fee. They cite inexperience, duplication of effort and the use of attorneys to do nonattorney functions as causing the expenditure of excessive and unnecessary time in handling this estate. They argue that by allowing the exact fee requested, the judge considered only the hours spent and no other applicable criteria.[2] The reasonableness of a fee is a factual question. Our review of factual questions, including an attorney's fee determination, is limited to determining whether substantial evidence supports the court's finding of fact. *Thorndike v. Hesperian*

---

[2]Throughout their brief objectors repeatedly cite to CPR DR 2–106 as setting forth the sole criterion upon which the judge must rely and which he must articulate when approving attorney's fees. However, as the Preliminary Statement to the Code of Professional Responsibility, of which the disciplinary rules are a part, makes clear, these rules pertain only to disciplinary actions against lawyers. Although CPR DR 2–106 may be helpful to a judge in determining a proper fee, the case law of the state contains the criteria to be considered; the disciplinary rules have no binding effect in this context. *See, e.g., In re Estate of Bailey,* 56 Wn.2d 623, 354 P.2d 920 (1960).

*Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959); *In re Estate of Coffin,* 7 Wn. App. 256, 499 P.2d 223 (1972).

Michael S. Manza and Patrick Manza testified extensively about the nature and extent of the work they did in probating this estate. The attorneys' time records showing time spent and work done were entered as exhibits. Michael Manza identified the hourly rate charged by the attorneys over the course of the probate. The Manzas explained the estate's problem areas, including the identification and classification of heirs in the United States and Sweden, the need to dispose of farm animals and equipment in an expeditious manner to prevent waste, timely filing of state and federal tax returns, and the disposition of timberlands without excessive cost to the estate. Marshall D. Adams, an attorney of 32 years' experience which included probates in Pierce County, testified on behalf of the personal representative. In his opinion a reasonable fee for this estate was $35,000. He based his opinion upon a review of the Manzas' entire probate file and a lengthy discussion with them about the difficulties encountered. He specifically stated that he does not charge on probate matters by hourly rate alone, but considers the amount of time involved, the degree of novelty, and the "pain and suffering" incurred in the handling. Elvin J. Vandeberg, another practicing attorney of considerable experience called by the personal representative, testified that a reasonable fee was $25,000. His opinion was also based on a review of the files and discussion with the Manzas.

The objectors called Mr. L. R. Ghilarducci, Jr., a practicing Pierce County attorney. His testimony was limited to a general description of how fees are arrived at by probate attorneys in Pierce County. He identified factors of time spent, hourly rate charged based on experience, results obtained, and the size of the estate. He did not express an opinion as to the dollar amount which would be reasonable for this estate. John Stair, a probate attorney from King County, also testified for the objectors. Based upon his review of the Manzas' files, the probate file and the time

records, Mr. Stair gave his opinion as to the amount of time reasonably necessary to accomplish the various tasks in this estate. He also ventured his opinion as to whether a particular task would require an experienced probate attorney, a general practitioner, or merely a legal assistant.

■ The trial judge was not bound by the opinion evidence presented but could reject all four opinions in favor of his own. *In re Estate of Hastings*, 4 Wn. App. 649, 484 P.2d 442 (1971).

> In fixing the amount to be allowed as a fee for the attorney of a decedent's personal representative, the court should consider the amount and nature of the services rendered, the time required in performing them, the diligence with which they have been executed, the value of the estate, the novelty and difficulty of the legal questions involved, the skill and training required in handling them, the good faith in which the various legal steps in connection with the administration were taken, and all other matters which would aid the court in arriving at a fair and just allowance.

*In re Estate of Peterson*, 12 Wn.2d 686, 728, 123 P.2d 733 (1942); *see also* RCW 11.68.100. As noted, there was testimony as to criteria other than actual hours spent. There was substantial evidence to support the court's finding that $23,145 was a reasonable fee.

There is no merit in objectors' claim that the court shifted the burden to them to prove that the fee was unreasonable.

■ The 33 heirs next object to the allowance of $14,030 in additional attorney's fees and $2,360.85 additional costs. Their argument is that a personal representative is never justified in paying additional compensation to his attorney for time spent and expenses incurred in defending that attorney's original fee. The objectors misconceive the relationship between an estate and the attorney. An attorney in a probate proceeding acts at the request of the personal representative. When Ivan Swanson as personal representative of Larson's estate sought approval of the final report, he represented to the court that $23,145 was a reasonable

attorney's fee. The objectors attacked this representation. The personal representative was entitled to have the Manzas, the estate's attorneys, defend this aspect of the final report just as he would be entitled to have them defend any other aspect.[3] If, for example, the heirs had objected to the fee to be paid for an accountant's services, the personal representative would be allowed additional compensation (attorney's fees) for meeting this objection. The court's duty is to determine a just and reasonable fee to be allowed the personal representative for his legal expenses in handling the probate to conclusion. RCW 11.48.210; RCW 11.68.100. If the heirs' objections require additional work by the estate attorneys not contemplated in the original fee request, additional compensation may be allowed in the court's discretion. *In re Estate of Coffin, supra.* This result does not prevent the heirs from exercising their right to object to a personal representative's final report.

We cannot say that the court abused its discretion by allowing the additional compensation and expenses in this case. The amount of the fee awarded by the court commissioner is supported by substantial evidence in the form of the attorney's fee itemization and the testimony of Michael Manza. Reduction of the award from $11,700 to $10,000 evidences consideration of factors in addition to time spent. The $4,030 fee awarded by the judge is also supported by the record. No contrary evidence was presented. We cannot presume, as objectors would have us do, that after reviewing an extensive record pointing up the need to consider factors other than merely time spent, the judge ignored these factors in making his $4,030 award. The $2,360.85 in costs are all based on actual bills submitted.

██ The objectors' next claim is that the court erred by assessing the $14,030 additional attorney's fees against their share of the estate. We agree. Attorney's fees may not

---

[3]This case is quite unlike that in *In re Adamec,* 100 Wn.2d 166, 179, 667 P.2d 1085 (1983), where a guardian's attorney's fees and costs were disallowed because he "was defending his own interests rather than those of [his wards]."

be assessed against a losing party in the absence of a contract, statute or recognized ground in equity. *Seattle Sch. Dist. 1 v. State,* 90 Wn.2d 476, 585 P.2d 71 (1978). Here, neither contract nor statute provides for assessment of attorney's fees. The personal representative points to no recognized ground in equity other than the general equity jurisdiction of the probate court. We, therefore, reverse the court's order requiring that the $14,030 in additional attorney's fees be paid from objectors' share of the estate. They are to be paid as part of the general expenses of administration. *See Monroe v. Winn,* 19 Wn.2d 462, 142 P.2d 1022 (1943).

The objectors' next claim is that the court erred by taxing against their share of the estate the $2,360.85 in costs incurred by the Manza firm in defense of the objections. This sum is composed of expert witness fees, expenses for depositions not used at the hearing, and an accountant's fee for preparation of an additional estate income tax return necessitated by the delay. Expert witness fees and discovery depositions not used as evidence are not taxable costs. *Sims v. KIRO, Inc.,* 20 Wn. App. 229, 580 P.2d 642 (1978), *cert. denied,* 441 U.S. 945 (1979); *Gabel v. Koba,* 1 Wn. App. 684, 463 P.2d 237 (1969). The accountant's fee is not a taxable cost. RCW 4.84.090. We reverse the court's order requiring that these costs be paid from the objectors' share of the estate and direct that they be paid as general expenses of administration.

In summary, we affirm the attorney's fee awards of $23,145, $10,000 and $4,030 and the cost awards of $2,010.85 and $350. We reverse that part of the judge's order requiring that the objectors' share of the estate bear the burden of the $14,030 fee award and $2,360.85 cost award. These fees and expenses are to be paid as part of the general expenses of administration.

Because each party has substantially prevailed in this court, we have determined not to award attorney's fees and costs on appeal.

It is so ordered.

PETRICH, C.J., and PETRIE, J., concur.

Reconsideration denied January 6, 1984.

Review granted by Supreme Court May 24, 1984.