[No. 46002-1-I. Division One. April 2, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. TARA WICKER, *Appellant*.

*Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Scott A. Marlow, Deputy,* for respondent.

WEBSTER, J. — Appellant argues that she was denied the effective assistance of counsel because her attorney's untimely filing of a notice for revision deprived her of her right to seek revision of the commissioner's ruling finding her guilty of fourth degree assault. Because she was denied the effective assistance of counsel, we reverse her conviction and remand to the Superior court for a revision hearing.

## FACTS

After a hearing before a commissioner, Tara Wicker was found guilty of fourth degree assault. On December 1, 1999, she received a standard range disposition. At the disposition hearing, Tara expressed her desire to seek revision of the commissioner's decision.

On December 27, 1999, Tara's counsel filed a motion for revision. The superior court denied the motion because it was not filed within 10 days of the disposition.

This appeal followed.

## DISCUSSION

Article IV, section 23 of the Washington Constitution and RCW 2.24.010 provide for the appointment of superior court commissioners. By statute, commissioners are authorized to hear and determine a variety of matters including

juvenile offense proceedings.[1] However, in all matters decided by a commissioner the parties are entitled to revision by a judge of the superior court.[2] A party seeking revision of a juvenile court commissioner's ruling must file a notice of revision within 10 days of the ruling they seek to revise.[3] A demand for revision of a commissioner's ruling is "an appeal to a superior court."[4]

Appellant argues that she was denied effective assistance of counsel by her attorney's failure to timely file her motion for revision. Whether a failure to timely file a motion for revision constitutes ineffective assistance of counsel is a matter of first impression.

■ *Strickland v. Washington*[5] provides the proper framework for evaluating a claim that counsel was constitutionally ineffective. Under *Strickland*, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness,"[6] and (2) that counsel's deficient performance prejudiced the defendant.[7] In certain cases prejudice is presumed.[8]

It is well recognized that an attorney's failure to file a requested notice of appeal is "professionally unreasonable."[9]

---

[1] RCW 13.04.021.

[2] RCW 2.24.050; RCW 13.04.021(1).

[3] RCW 13.04.021.

[4] *State v. Lawley*, 32 Wn. App. 337, 341, 647 P.2d 530 (1982).

[5] 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[6] *Id.* at 688.

[7] *Id.* at 694.

[8] *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

[9] "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez* v. *United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969); *cf. Peguero* v. *United States*, 526 U.S. 23, 28[, 119 S. Ct. 961, 143 L. Ed. 2d 18] (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an

The defendant need not make any additional showing of prejudice.[10]

The State argues that failure to file a notice of revision is not of the same magnitude as failure to file a notice of appeal and so does not constitute ineffective assistance of counsel. The State notes that RCW 2.24.050 provides that, should revision not be sought, appellate review may proceed "in the same fashion as review of like orders and judgments entered by the judge." The State maintains that Tara was not prejudiced and her attorney's conduct was not deficient because she still retained her right to appeal to this Court.

 The State is incorrect. The right to seek revision of a commissioner's order is of constitutional magnitude and failure to file the notice of revision resulted in a denial of a right so important as to be prejudicial per se. In *State v. Smith*,[11] the Supreme Court recognized that "the ability to seek revision of a juvenile court commissioner's order is rooted in the state constitution." The Supreme Court also recognized that the "right to move for revision of the commissioner's ruling allows a juvenile who appears before a commissioner to be treated more similarly to a juvenile who appears before a superior court judge."[12]

The superior court judge's review of a commissioner's ruling on revision is broader than this Court's review. For example, a party has the right to seek revision of orders that would not be appealable to this court.[13] More impor-

appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (alterations in original).

[10] *See Flores-Ortega*, 528 U.S. at 483; *Rodriquez v. United States*, 395 U.S. 327, 330, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969).

[11] 117 Wn.2d 263, 268, 814 P.2d 652 (1991) (holding that the State could move for revision of nonappealable orders).

[12] *Smith*, 117 Wn.2d at 276.

[13] *Smith*, 117 Wn.2d at 272.

tantly, the standard of review on revision is de novo[14] and the superior court judge may remand the case to the commissioner for further proceedings, including taking further evidence.[15] The superior court judge need not find that error occurred before remanding for further proceedings. For example, the superior court judge may decide to acquit a defendant simply because the judge evaluates the evidence differently than the commissioner did. On appeal, this Court's review is far more deferential to the commissioner's ruling. Moreover, once the judge makes a decision on revision, it is the judge's decision, not the commissioner's. The right to revision, therefore, is different from the ability to appeal to this court. Thus, counsel's failure to timely seek revision was prejudicial and constitutes professionally unreasonable conduct sufficient to constitute ineffective assistance of counsel.

This conclusion is consistent with the reasoning in cases which have held that failure to file a notice of appeal constituted ineffective assistance of counsel. In *Flores-Ortega*, the Supreme Court reasoned, "The complete denial of counsel during a critical stage of a judicial proceeding . . . mandates a presumption of prejudice because 'the adversary process itself' has been rendered 'presumptively unreliable.' The even more serious denial of the entire judicial proceeding also demands a presumption of prejudice because no presumption of reliability can be accorded to judicial proceedings that never took place."[16] Because Tara was denied her right to revision by a superior court judge, an "entire judicial proceeding," a presumption of prejudice should apply.

[14] *See Lawley*, 32 Wn. App. at 341.

[15] "Generally, a superior court judge's review of a court commissioner's ruling, pursuant to a motion for revision, is limited to the evidence and issues presented to the commissioner." *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). The superior court has the authority to review the records of the case, and the findings of fact and conclusions of law entered by the court commissioner. RCW 2.24.050. "In an appropriate case, the superior court judge may determine that remand to the commissioner for further proceedings is necessary." *Moody*, 137 Wn.2d at 992.

[16] *Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000) (citation omitted).

Further, that Tara requested revision, and her attorney did not timely file the motion, establishes that her counsel's deficient performance led to the forfeiture of her appeal. The eventual filing of the motion establishes that, but for her counsel's deficient failure to timely file, she would have timely filed the motion. This standard follows the pattern established in *Strickland* and *United States v. Cronic*,[17] and mirrors the prejudice inquiry applied in *Hill v. Lockhart*[18] and *Rodriquez v. United States*.[19]

Because an attorney who fails to timely comply with the client's request to file a motion for revision provides ineffective assistance of counsel, we reverse and remand to the Superior Court for a revision hearing.

BECKER, A.C.J., and KENNEDY, J., concur.

---

[17] 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984).

[18] 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

[19] 395 U.S. 327, 89 S. Ct. 1715, 23 L. Ed. 2d 340 (1969). *See Flores-Ortega*, 528 U.S. at 484-86 (requiring defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed).