58 P.3d 905 (2002)
114 Wash.App. 275
In re the PARENTAGE OF Ashley C. HILBORN, A minor.
Sherri HILBORN, Petitioner, and
David Bonga, Respondent.
No. 20797-8-III.
Court of Appeals of Washington, Division 3, Panel Six.
October 17, 2002.
As Amended and Publication Ordered November 26, 2002.
*906 Jonathan G.K. Lee, Lee & Michaud, Spokane, WA, for Petitioner.
Julia M. Pelc, Spokane, WA, for Respondent.
SWEENEY, J.
This is an action to establish paternity and compel support from the father. A superior court commissioner denied the mother's petition, accepting the father's equitable defense  laches. The question presented is whether the commissioner's decision is grounded in a legally sufficient reason-an almost 18-year delay. We conclude that it is and affirm.

FACTS
Ashley C. Hilborn was born on May 23, 1983. On March 15, 2001  just two months shy of Ashley's 18th birthday  her mother, Sherri Hilborn, petitioned for establishment of paternity. Ms. Hilborn asked for five years' back child support totaling $29,327.32. She also requested current support, post-secondary education support, costs of the DNA (deoxyribonucleic acid) test, and attorney fees. Ms. Hilborn moved for summary judgment.
David Bonga acknowledged that he is Ashley's father. He agreed to pay current and post-secondary support. But he objected to paying back support and asserted the equitable defenses of estoppel and laches.
The superior court commissioner found that Ms. Hilborn had known Mr. Bonga was Ashley's father for almost 18 years. And she knew where he was. The commissioner concluded that the delay in her petition was unjustifiable and that it would be inequitable to burden Mr. Bonga with a lump sum financial obligation after the time had passed when he could enjoy the blessings of fatherhood. The commissioner also concluded that Ms. Hilborn's explanation, "[t]ime just got *907 away from us,"[1] was insufficient. And the commissioner denied back support.
Ms. Hilborn moved to revise the order. A superior court judge reviewed the order and denied the motion for revision. The judge remanded to the commissioner to determine current and post-secondary support and attorney fees. On the only issue relevant to this appeal, the commissioner ordered the parties to pay an equal share of their attorney fees.

DISCUSSION
LACHES
Ms. Hilborn argues that the commissioner's decision that her petition is barred by laches is not supported factually or legally. Mr. Bonga responds that the commissioner acted well within his discretionary authority in denying her relief based on laches.
Standard of Review. On a motion to revise a commissioner's ruling, the superior court reviews de novo based on the record and the commissioner's findings and conclusions. In re Marriage of Moody, 137 Wash.2d 979, 992-93, 976 P.2d 1240 (1999). The superior court's decision to accept or revise the commissioner's decision then becomes the decision of the court. State v. Wicker, 105 Wash.App. 428, 433, 20 P.3d 1007 (2001). We review the commissioner's findings for substantial evidence if the commissioner heard testimony. In re Estate of Larson, 36 Wash.App. 196, 200-01, 674 P.2d 669 (1983), rev'd on other grounds, 103 Wash.2d 517, 694 P.2d 1051 (1985). We review de novo if the commissioner's decision is based entirely on documentary evidence. In re Marriage of Balcom, 101 Wash.App. 56, 59, 1 P.3d 1174 (2000).
Here, the only evidence presented was documentary  pleadings and affidavits. And, moreover, the facts material to this dispute are undisputed. So the only question presented is whether the reasons given for accepting the laches defense are legally adequate, that is, whether the reasons fall within the common law criteria for laches. "Laches is an equitable defense based on estoppel." In re Marriage of Watkins, 42 Wash.App. 371, 374, 710 P.2d 819 (1985). As such our review is de novo. See, e.g., Kim v. Lee, 145 Wash.2d 79, 85-86, 31 P.3d 665 (2001), 43 P.3d 1222 (2001).
Laches. The court has discretion to mitigate the harshness of a claim for back support. It can do so to avoid an injustice to the custodial parent or the child. Hartman v. Smith, 100 Wash.2d 766, 768-69, 674 P.2d 176 (1984). Laches bars a cause of action if:
(1) the plaintiff was aware or should have been aware of the facts constituting the cause of action;
(2) commencement of the action was unreasonably delayed; and
(3) the defendant is damaged by the delay.
In re Marriage of Capetillo, 85 Wash.App. 311, 317, 932 P.2d 691 (1997).
Here, the commissioner concluded that all three requirements were met. We agree.
Mother's Knowledge and Unreasonable Delay. Ms. Hilborn knew who her child's father was. She knew where the father was. And she knew she was entitled to support. But despite all of this, she waited over 15 years to assert the paternity claim.
Damage to Father. The delay deprived Mr. Bonga of the chance to have a relationship with his daughter, and to have the child bear his name.
And the court lost the power to grant Mr. Bonga custody or visitation. The court lost the power to appoint a guardian ad litem to determine whether it was in Ashley's best interests to establish Mr. Bonga's paternity. Ashley's mother and Mr. Bonga are members of federally recognized Native American tribes. The paternity question would, therefore, affect the degree of Ashley's membership in her mother's tribe with its associated rights and privileges, as well as her sense of identity and ethnic heritage. The opportunity for a guardian's report was lost when Ashley turned 18 shortly after the paternity petition was filed.
This case is distinguishable from Capetillo, relied on by Ms. Hilborn. In Capetillo, we rejected the father's laches and equitable estoppel defenses to an action for past-due *908 child support. Capetillo, 85 Wash.App. at 319-20, 932 P.2d 691. The court had previously ordered support at the time of the parents' divorce. The mother was afraid the father would harm the children and acted reasonably in postponing seeking support out of fear that the father would receive visitation. The court found this circumstance sufficient to excuse the delay in enforcing the support order. Id. at 319-20, 932 P.2d 691.
Here, no order had previously been issued. And no special circumstances mitigated the mother's duty to proceed in a timely fashion. The record supports the commissioner's conclusions that the delay was not justified and that Mr. Bonga was prejudiced. The equitable defense of laches was, therefore, applicable.
ATTORNEY FEES
Ms. Hilborn requests her fees on appeal. Mr. Bonga asks that each side pay its own fees.
Ms. Hilborn is mistaken in her assertion that the superior court awarded her fees in its revision order. The court remanded the issue of fees. Upon remand, the commissioner considered the resources of each side and determined that the parties' financial resources were even. The commissioner ordered each side to pay half the total attorney fees. Because Ms. Hilborn had incurred higher fees, Mr. Bonga was ordered to pay $1,500 of her fees.
A demand for revision of a commissioner's ruling is an appeal. Wicker, 105 Wash.App. at 431, 20 P.3d 1007; see Moody, 137 Wash.2d at 992, 976 P.2d 1240; Balcom, 101 Wash.App. at 59, 1 P.3d 1174. Ms. Hilborn sought revision and lost. This court's review, therefore, is a second appeal. Mr. Bonga has thus already paid half the costs of an appeal. Ms. Hilborn's request for attorney fees is denied. And each side shall pay its own fees.
Affirmed.
WE CONCUR: SCHULTHEIS, J. and KURTZ, J.
NOTES
[1] Clerk's Papers at 60.