IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 36912-9-III |
| MARY JANE EATON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| TRACY EATON, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J.P.T.[1] — Tracy Eaton appeals from an order denying revision of a

commissioner's ruling granting a temporary restraining order. Because the trial court

applied the wrong standard to its consideration of the motion, we reverse.

PROCEDURAL HISTORY

Ms. Mary Jane Eaton obtained, ex parte, an immediate temporary restraining order

against her husband on March 15, 2019. Clerk's Papers (CP) at 8-11. Both parties filed

affidavits in advance of the hearing on the temporary order. In reply to Mr. Eaton's

affidavit, Ms. Eaton reported that he had broken a window to the house after she locked

her husband out of the premises. CP at 85.

---

[1] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time
argument was held on this matter. He is now serving as a judge pro tempore of the court
pursuant to RCW 2.06.150.

A court commissioner granted the temporary restraining order following a hearing on April 9, 2019. Acknowledging that Mr. Eaton would deny breaking the window, the commissioner concluded that Ms. Eaton had established that Mr. Eaton posed a credible threat to his wife's safety due to the break-in. CP at 65, 127. Mr. Eaton subsequently moved to revise the ruling, arguing that the commissioner improperly had relied on new evidence offered in reply that he had no opportunity to rebut.

The superior court judge heard argument on the revision motion June 3, 2019, and entered a ruling stating that Mr. Eaton had failed to show that the commissioner "abused her discretion" and that the commissioner had not relied solely on the new evidence, but had looked to the totality of the case. CP at 137. Accordingly, the court "affirmed" the commissioner. CP at 137.

Mr. Eaton timely appealed the revision ruling to this court. The couple's marriage was dissolved October 28, 2019. Supp. CP at 154-161. After briefing, a panel considered the appeal without conducting oral argument.

ANALYSIS

Appellant contends that the superior court failed to treat the revision as an original action.[2] We agree.

_____

[2] Ms. Eaton, representing herself pro se, suggests that the issue is moot because the marriage now has been dissolved. We disagree. This court previously has noted that the stigma associated with an order can justify hearing what otherwise might be a moot case. *Hough v. Stockbridge*, 113 Wn. App. 532, 537, 54 P.3d 192 (2002), *rev'd in part on other grounds*, 150 Wn.2d 234 (2003).

We have described the revision hearing process:

> When a superior court judge receives a case through a motion for revision, the judge takes "jurisdiction of the entire case as heard before the commissioner." *State ex rel. Biddinger v. Griffiths*, 137 Wash. 448, 451, 242 P. 969 (1926). Although the superior court judge cannot accept new evidence, RCW 2.24.050, a motion on revision is in all other respects equal to any other matter on the court's docket. The judge reviews the law and evidence de novo. *State v. Ramer*, 151 Wn.2d 106, 113, 116-117, 86 P.3d 132 (2004) (de novo standard applied even when commissioner heard live testimony). Should the judge disagree with the commissioner's disposition, the judge may issue his or her own independent factual findings and legal conclusions. *Id.* at 113, 86 P.3d 132; *Iturribarria Perez v. Bazaldua Garcia*, 148 Wn. App. 131, 138, 198 P.3d 539 (2009); *Grieco v. Wilson*, 144 Wn. App. 865, 877, 184 P.3d 668 (2008), *aff'd by In re Custody of E.A.T.W.*, 168 Wn.2d 335, 227 P.3d 1284 (2010). Any subsequent appeal to this court is one that reviews the decision of the superior court judge, not the commissioner. *Ramer*, 151 Wn.2d at 113.

*In re Marriage of Lyle*, 199 Wn. App. 629, 632-633, 398 P.3d 1225 (2017).

Rather than considering the matter de novo, the superior court appears to have conducted its own review of the commissioner's ruling. The court's references to the commissioner not abusing her discretion and being "affirmed" suggest the court incorrectly focused on the commissioner's ruling instead of treating the case as its own. Even in its treatment of Mr. Eaton's issue on revision—that the commissioner had improperly considered evidence raised for the first time on rebuttal—the court determined that the <u>commissioner</u> had based her ruling on the entire facts before her and not on the "offending fact" challenged by Mr. Eaton. CP at 137.

3

In light of these references in the order, we are convinced that the court did not conduct its own de novo review of the case and, instead, weighed the commissioner's actions. This was error.

The order on revision is reversed and the matter remanded for a new revision hearing. We decline Mr. Eaton's request to find the facts of this matter ourselves or otherwise rule the temporary order inappropriate as a matter of law. We also decline to award him attorney fees. Defending an order on appeal will seldom amount to frivolous behavior, even in a losing cause.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.P.T.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, A.C.J.