**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| GEORGIA WOODS, | No. 60276-8-II |
| Respondent, | |
| v. | |
| GREGORY OWENS, | ORDER GRANTING MOTIONS TO PUBLISH AND PUBLISHING OPINION |
| Appellant. | |

Appellant, Gregory Owens, filed a motion to publish this court's unpublished opinion filed on November 12, 2025. The Northwest Justice Project, a non-party, has also filed a motion to publish. The respondent has not filed an answer. After consideration, the court grants the motion. It is now

**ORDERED** that the final paragraph in the opinion which reads "A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered." is deleted. It is further

**ORDERED** that the opinion will now be published.

**FOR THE COURT**

**PANEL**: Jj. Maxa, Lee, Price

_____
LEE, JUDGE

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GEORGIA WOODS, | No. 60276-8-II |
| Respondent. | |
| v. | |
| GREGORY OWENS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Gregory Owens appeals the superior court's order denying his motion to terminate a permanent domestic violence protection order (DVPO) protecting G.D.[1] Owens argues that the superior court abused its discretion by denying the motion to terminate the DVPO. We disagree and affirm the superior court.

## FACTS

In 1999, G.D. obtained a permanent DVPO against Owens. The DVPO was based on an incident in which Owens rearended G.D.'s car, took G.D.'s wallet and phone, threatened to destroy G.D.'s property, and verbally and physically intimidated G.D. G.D. explained that they had broken up several times and believed that Owens would continue to contact her without the protection order.

In 2022, Owens filed a motion to terminate the DVPO. G.D. objected to termination of the protection order because she continued to fear for her safety. In her declaration, G.D. stated that

---

[1] G.D. was formerly known as G.W. We use initials to protect the G.D.'s privacy.

Owens had had contact with her even after the protection order was issued, including "a sexual encounter that resulted in a pregnancy [and] subsequent abortion." Clerk's Papers (CP) at 7. G.D. also included a restraining order that had been issued during Owens' divorce from a different woman in 2016, as well as documentation showing that Owens' former spouse believed he would harm himself or others. The record does not show that Owens took any further action to terminate the DVPO at this time.

In 2024, Owens filed another motion to terminate the DVPO.[2] Owens supported his 2024 motion with his own declaration explaining why he believed the DVPO should be terminated. Owens stated that he had not been convicted of any criminal activity since the malicious mischief conviction related to the incident supporting the DVPO, although he had a 2001 driving while under the influence charge dismissed based on a successful deferred prosecution. In 2023, Owens completed a domestic violence evaluation and the recommended 6-month treatment, and he completed the recommended victim impact panel.

Owens stated that he had developed an understanding of the way he had harmed G.D. and took "full responsibility for [his] controlling and abusive behaviors." CP at 46. Owens simply wanted "to move on with [his] own [life] at this point" and had "no plans to vex, annoy, harass, assault, stalk, or in any other way contact [G.D.]." CP at 45, 47. Owens also noted that he lived in Pierce County, and G.D. had relocated to Texas.

Owens did not address the sexual encounter that G.D. alleged occurred after the protection order was entered and instead stated he had not had any contact with G.D.:

---

[2] Owens filed his motion as an "[u]pdated" motion with reference to his 2022 motion. CP at 83. In considering the 2024 motion, the commissioner and the superior court considered the materials with the 2022 motion collectively with the 2024 motion.

20. I have not committed or threatened sexual assault, domestic violence, stalking, or other harmful acts against the petitioner or any other person since the protection order was entered.

21. I have not violated the terms of the protection order since entry of the order. I have not had any contact with [G.D.] in that time. The protection order has been in effect for over 25 years.

CP at 47. Owens addressed the alleged thoughts of suicide related to his 2016 divorce, which he claimed were "linked to the stress of the divorce" and had not reoccurred since. CP at 47. In response, G.D. filed a declaration stating that, in 2023, she had moved back to Pierce County.

A superior court commissioner ordered a hearing on Owens' 2024 motion to terminate the DVPO. Owens and G.D. both appeared at the hearing.

At the hearing, G.D. emphasized that Owens falsely claimed that he had not violated the protection order. G.D. argued that Owen violated the protection order when "the parties had sex which resulted in a pregnancy, and later abortion" after the protection order was in place. CP at 109. G.D. noted that Owens did not acknowledge the incident in his filings or in his domestic violence evaluation.

In response, Owens asserted that he was "not the person he was when he committed this offense." CP at 111. He emphasized that he had completed treatment and counseling in relation to the offense giving rise to the DVPO, as well as his 2001 DUI. He also noted that he had recently completed another domestic violence evaluation and treatment. Owens maintained he had not committed any acts of violence and had made no attempts to contact G.D. Owens argued the superior court should grant the motion because he had taken responsibility for his actions:

> [A]t this point, Mr. Owens is not the same person he was 25 years ago. He has taken accountability and responsibility for his actions, and the harm that he has caused, and that is evident in the evaluations and the treatment that he completed. It would be unreasonable at this point to find that he is any sort of threat or danger to [G.D.] at this time.

4

CP at 111.

Following the hearing, the superior court commissioner found that Owens had failed to establish a substantial change in circumstances such that Owens would not resume or engage in acts of domestic violence if the DVPO was terminated. The commissioner checked the boxes next to "The Protected Person has not voluntarily and knowingly consented to terminating the protection order," and "Other." CP at 94. After "Other," the commissioner explained the additional circumstances they considered:

> [Owens] has minimized his actions to petitioner subsequent to the entry of this order in which petitioner alleges they had a nonconsensual sexual encounter that resulted in her becoming pregnant and having an abortion. [Owens] does not deny [G.D.'s] assertions, but doesn't himself acknowledge them in his filings. [Owens] states that he no longer abuses alcohol, but now uses drugs recreationally. Finally, [G.D.'s] counsellor noted a marked decline in [G.D.] after she was contacted about terminating the order.

CP at 94. The commissioner denied Owens' motion to terminate the DVPO.

Owens filed a motion to revise the commissioner's ruling. The superior court entered an order on the motion to revise, in which the superior court found Owens failed to meet his burden:

> Having reviewed de novo the records and evidence considered by the Commissioner in this case and the Commissioner's findings of fact and conclusions of law, the Court finds that Respondent has failed to prove by a preponderance of the evidence that there has been a substantial change in circumstances, such that the Respondent would not resume, engage, or attempt to engage in acts of domestic violence.

CP at 121. The superior court denied the motion to revise.

Owens appeals.

## ANALYSIS

Owens appeals the superior court's order, arguing that the superior court abused its discretion by misapplying RCW 7.105.500 and because its order was not supported by the evidence. We disagree.

A.    LEGAL PRINCIPLES

On a motion to revise, "the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). "The superior court's decision to accept or revise the commissioner's decision then becomes the decision of the court." *In re Parentage of Hilborn*, 114 Wn. App. 275, 278, 58 P.3d 905 (2002). On appeal, we review the superior court's decision, not the commissioner's decision. *In re Marriage of Stewart*, 133 Wn. App. 545, 550, 137 P.3d 25 (2006), *review denied*, 160 Wn.2d 1011 (2007).

RCW 7.105.500 governs modification and termination of protection orders. Under RCW 7.105.500(1), the superior court "*may* modify the terms of an existing protection order or terminate an existing order." (Emphasis added.) Therefore, whether to terminate a permanent protection order is a matter of judicial discretion. *Fowler v. Fowler*, 8 Wn. App. 2d 225, 234, 439 P.3d 701 (2019). Thus, we review a superior court's order on termination of a DVPO for an abuse of discretion. *Id*. The superior court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id*.

> When a motion to terminate a DVPO is brought by the respondent, the superior court
>
> may not modify or terminate an existing protection order unless the respondent proves by a preponderance of the evidence that there has been a substantial change in circumstances such that the respondent will not resume, engage in, or attempt to engage in [acts of domestic violence] if the order is terminated or modified.

RCW 7.105.500(3)(a). RCW 7.105.500(4) provides the factors for the superior court to consider when determining whether there has been a substantial change of circumstances:

> In determining whether there has been a substantial change in circumstances, the court *may consider* the following *unweighted* factors, and no inference is to be drawn from the order in which the factors are listed:
>     (a) Whether the respondent has committed or threatened sexual assault, commercial sexual exploitation, domestic violence, stalking, or other harmful acts against the petitioner or any other person since the protection order was entered;
>     (b) Whether the respondent has violated the terms of the protection order and the time that has passed since the entry of the order;
>     (c) Whether the respondent has exhibited suicidal ideation or attempts since the protection order was entered;
>     (d) Whether the respondent has been convicted of criminal activity since the protection order was entered;
>     (e) Whether the respondent has either acknowledged responsibility for acts of sexual assault, commercial sexual exploitation, domestic violence, stalking, or behavior that resulted in the entry of the protection order, or successfully completed state-certified perpetrator treatment or counseling since the protection order was entered;
>     (f) Whether the respondent has a continuing involvement with drug or alcohol abuse, if such abuse was a factor in the protection order;
>     (g) Whether the petitioner consents to terminating the protection order, provided that the consent is given voluntarily and knowingly; or
>     (h) Other factors relating to a substantial change in circumstances.

(Emphasis added.) However, the superior court "may not base its determination on the fact that time has passed without a violation of the order." RCW 7.105.500(5). And the petitioner "bears no burden of proving that he or she has a current reasonable fear of harm by the respondent." RCW 7.105.500(3).

B.      OWENS MISINTERPRETS RCW 7.105.500

Owens' argument that the superior court abused its discretion is primarily based on his interpretation of RCW 7.105.500. Owens asserts that because the factors in RCW 7.105.500 are unweighted, they essentially must be treated with equal importance and as either met or unmet. Further, Owens contends that because the standard is preponderance of the evidence, if he shows

more factors are met than unmet, then he has necessarily met his burden to show a substantial change of circumstances. Therefore, Owens argues, because there were more factors met than unmet, the superior court abused its discretion by finding he did not prove a substantial change of circumstances. We disagree.

We review questions of statutory interpretation de novo. *Nelson v. P.S.C., Inc.*, 2 Wn.3d 227, 233, 535 P.3d 418 (2023). Our objective in statutory interpretation is to ascertain and carry out the legislature's intent. *Royal Oaks Country Club v. Dep't of Revenue*, 2 Wn.3d 562, 568, 541 P.3d 336 (2024). "If the meaning of the statute is plain on its face, we give effect to that plain meaning as an expression of legislative intent." *Id*. Plain language is discerned from "the ordinary meaning of the language in the context of related statutory provisions, the entire statute, and related statutes." *Id*.

"The legislature has expressed a clear public policy to protect domestic violence victims." *Fowler*, 8 Wn. App. 2d at 232. Owens' interpretation of RCW 7.105.500 is contrary to this legislative intent, as well as the plain language of the statute.

There is no indication that the legislature intended RCW 7.105.500(4) to create a checklist of items that dictates with mathematical precision whether there has been a substantial change of circumstances. RCW 7.105.500(4) identifies multiple unweighted factors the superior court *may* consider in determining whether there has been a substantial change of circumstances. The use of "may" indicates the legislature intended for the superior court to exercise its discretion in determining what factors are relevant and how they inform the superior court's finding on whether there has been a substantial change of circumstances. Further, in some cases, certain factors may not be relevant to the superior court's consideration or at issue in the case. *See Fowler*, 8 Wn.

App. at 234 (noting that the superior court found that at least four factors were not at issue in the case).

We reject Owens' interpretation of RCW 7.105.500. The legislature intended RCW 7.105.500 to protect domestic violence victims by placing the burden on respondents to prove a substantial change of circumstances justifying terminating an existing protection order. This intent is not served by interpreting RCW 7.105.500(4) as a simple checklist of items that determines mathematically whether there is a substantial change of circumstances. Instead, the plain language of the statute shows that the legislature intended to provide factors to guide the superior court's discretion in determining whether there has been a substantial change of circumstances. It is up to the superior court to determine which factors are relevant and how significant the evidence related to that factor is in determining whether a respondent has met their burden to prove a substantial change of circumstances.

C.    ORDER DENYING MOTION TO TERMINATE DVPO

In addition to arguing that the superior court misinterpreted RCW 7.105.500(4), Owens argues that the superior court's finding that there was not a substantial change of circumstances is not supported by the evidence, primarily by reanalyzing each of the factors in RCW 7.105.500.

As an initial matter, we note that in its order on revision, the superior court did not adopt the commissioner's specific findings or reasoning. Instead, the superior court explicitly stated that, based on de novo review, Owens failed to prove a substantial change of circumstances. Therefore, we must determine whether the superior court abused its discretion based on the evidence in the record. *See Fowler*, 8 Wn. App. 2d at 234.

As noted above, the superior court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Id*. The superior court's decision is based

on untenable grounds if its factual findings are unsupported by the record. *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

Here, the evidence in the record established that, at some point, Owens violated the protection order based on a sexual encounter with G.D. This is a relevant consideration under RCW 7.105.500(4)(a) (whether respondent committed harmful acts against petitioner) and RCW 7.105.500(4)(b) (whether respondent has violated the terms of the protection order). And although Owens claimed to acknowledge responsibility for his prior actions generally, he did not address, accept responsibility for, or even acknowledge, this violation. *See* RCW 7.105.500(4)(e) (whether respondent has acknowledged responsibility). Further, G.D. did not consent to terminating the protection order and argued that she continued to be in fear of Owens. *See* RCW 7.105.500(4)(g).

In support of his motion, Owens presented evidence relevant to two considerations. First, Owens presented evidence that he had recently completed a domestic violence treatment program. *See* RCW 7.105.500(4)(e) (whether the respondent completed treatment). Second, he claimed that he had not violated the protection order and, it appears, that there was no violations for a significant period of time after the violation based on the sexual encounter.[3] *See* RCW 7.105.500(4)(b) (whether the respondent has violated the order and the time that has passed since the entry of the order).

Based on the evidence, it was reasonable for the superior court to determine that completion of treatment and the passage of time without a violation was not sufficient to show a *substantial*

---

[3] We also note that Owens presented evidence showing that he had not been convicted of criminal activity since the protection order was entered. *See* RCW 7.105.500(d) (whether respondent has been convicted of criminal activity since entry of the protection order). However, this does not appear particularly significant to whether there was a *change* in circumstances because Owens had a negligible criminal history before the protection order.

change of circumstances, especially in light of the fact that Owens had violated the order and failed to address that violation. The superior court's finding that Owens had failed to prove a substantial change of circumstances was supported by the evidence in the record. Therefore, the superior court did not abuse its discretion in denying Owens' motion to terminate the protection order.

## CONCLUSION

The superior court did not misapply RCW 7.105.500, and its decision was supported by evidence in the record. Therefore, the superior court did not abuse its discretion, and we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Maxa, P.J.

Price, J.