# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION III

| | |
|---|---|
| In the Matter of the Marriage of: | No. 36221-3-III |
| KEVIN O'CONNELL | |
| Respondent, | UNPUBLISHED OPINION |
| and | |
| AMY O'CONNELL | |
| Appellant. | |

MAXA, J. – Amy O'Connell appeals the superior court's order ruling that there was not adequate cause to modify the parenting plan entered in the dissolution of her marriage to her former husband, Kevin O'Connell. The parenting plan related to their four minor children.

The parties' parenting plan provided for a shared schedule that equally allocated residential time. For over a year after their marriage was dissolved, Amy[1] and Kevin had an informal arrangement not contained in the parenting plan under which Amy would provide care and transportation for the children between school, activities, and home when Kevin was at work or was unavailable on the days the children resided with him. When Kevin decided to make

---

[1] Because the parties share the same last name, this opinion uses the parties' first names for clarity. No offense is intended.

other plans for child care and transportation, Amy filed a motion to modify the parenting plan to incorporate the previous arrangement.

We hold that (1) the superior court did not abuse its discretion in finding under RCW 26.09.260(10) that Amy had not made a showing of adequate cause to modify the parenting plan; and (2) the superior court did not rule on the merits of her petition for modification, but instead determined that there was not adequate cause to hold an evidentiary hearing.

Accordingly, we affirm the superior court's order ruling that Amy had not shown adequate cause to modify the parenting plan.

FACTS

Amy and Kevin dissolved their marriage in July 2016. They had four minor children at the time. The parties drafted an agreed parenting plan, which provided that the children would reside roughly 50 percent of the time with Amy and roughly 50 percent of the time with Kevin, moving between parents every few days. The parenting plan required joint decisions regarding education, health care, and religion, but allowed the residential parent to make day-to-day decisions for the children. The parenting plan did not memorialize any agreement between the parties regarding child care.

Since their separation in April 2016, the parties had an informal arrangement regarding child care. They agreed that Amy would continue to provide care for their youngest daughter, who was not yet in school, while Kevin was at work during his residential days. The parties also agreed that Amy could drop off and pick up the children from school and provide after-school care for the children on Kevin's residential days, occasionally caring for them in Kevin's home. However, this arrangement was not memorialized in the parenting plan.

In the fall of 2016, Amy began bringing other children she was babysitting to Kevin's home and caring for both them and the parties' children there on his residential days. Kevin allowed Amy to do this for a time, then asked her not to care for all the children in his home. Amy apparently continued to care for the children in Kevin's home for a period of time after he had withdrawn his permission for her to do so.

In September 2017, without consulting Amy, Kevin put the parties' youngest daughter in daycare on Thursdays (a day the children always lived with him) during his work day instead of allowing Amy to provide care. Kevin also arranged for Amy's father, with whom Amy had a strained relationship, to drop off and pick up the children from school on Thursdays and to take the parties' oldest daughter to her dance class on Thursday evenings. Kevin hired a babysitter to watch the other children from the time Amy's father dropped them off at Kevin's house until the time Kevin returned from work.

Amy objected to these changes and the parties went to mediation on September 27, but did not reach an agreement. The parties apparently continued attempts to resolve their dispute without litigation for the next several months without success.

In May 2018, Amy filed a petition to change the parenting plan. She requested a modification to the parenting plan under RCW 26.09.260(10) based on a substantial change of circumstances.[2] Amy asked the superior court to adjust the parenting plan to "allow an available parent to provide work-related daycare for an unavailable parent in keeping with the parties' previous agreements and practice/performance" and to "allow an available parent to provide

---

[2] In her petition, Amy also requested a modification to the parenting schedule under RCW 26.09.260(5), (7), and (9). However, she subsequently limited her request to RCW 26.09.260(10). And on appeal she relies only on RCW 26.09.260(10).

transportation with respect to picking children up from school and activities and dropping them off when one parent is unavailable." Clerk's Papers at 4.

A superior court commissioner found there was not adequate cause for a modification of the parenting plan. Amy filed a motion to revise the commissioner's ruling. She argued that the commissioner improperly considered whether there had been a substantial change in circumstances from the time of the parties' unsuccessful mediation instead of from the time when the parties entered the original parenting plan. Kevin argued that Amy's request essentially amounted to a residential change because she was asking to provide care during Kevin's residential time.

The superior court denied the motion to revise the commissioner's ruling. Regarding a substantial change of circumstances, the court stated that although parties could agree to do something other than what was explicitly written in the parenting plan, the written parenting plan controlled once the parties no longer could agree. Regarding the children's bests interests, the court found that the parenting plan as written had been in place since September 2017 and acknowledged that some time had passed since then. The superior court concluded that it was not in the best interests of the children, who were doing well in the new routine, to have their routine changed a second time.

Amy appeals the superior court's order ruling that there was not adequate cause to modify the parenting plan.

ANALYSIS

A.    REVISION OF COURT COMMISSIONER'S RULING

Amy seems to base her arguments in part on the commissioner's oral ruling. But all rulings of court commissioners are subject to revision by the superior court, RCW 2.24.050, and

No. 36221-3-III

Amy filed a motion for revision regarding the commissioner's ruling. On a motion for revision, the superior court reviews the commissioner's rulings de novo based on the evidence presented to the commissioner. *In re Marriage of Goodell*, 130 Wn. App. 381, 388-89, 122 P.3d 929 (2005).

Further, once the superior court rules on a motion for revision, we review the superior court's decision, not the commissioner's decision. *In re Marriage of Lyle*, 199 Wn. App. 629, 633, 398 P.3d 1225 (2017). Accordingly, we address only the superior court's order and the superior court's incorporated oral ruling.

B.      NO ADEQUATE CAUSE FOR MODIFICATION

Amy argues that the superior court abused its discretion by finding there was not adequate cause for a hearing on her motion to modify the parenting plan. We disagree.

1.      Statutory Process for Modification

RCW 26.09.270 provides:

A party seeking a . . . modification of a . . . parenting plan shall submit together with his or her motion, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his or her affidavit, to other parties to the proceedings, who may file opposing affidavits. *The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits*, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

(Emphasis added).

Under this statute, the party moving to modify a parenting plan must submit affidavits showing adequate cause for modification. *In re Marriage of Zigler*, 154 Wn. App. 803, 809, 226 P.3d 202 (2010). The superior court will allow a hearing on the motion only if the affidavits establish adequate cause. RCW 26.09.270; *In re Custody of T.L.*, 165 Wn. App. 268, 275, 268 P.3d 963 (2011).

5

The petitioner must do more than assert unsupported allegations that would support modification if proved. *In re Marriage of MacLaren*, 8 Wn. App. 2d 751, 771, 440 P.3d 1055 (2019). "[T]he moving party must set forth facts and provide supporting evidence – not self-serving or conclusory statements – to establish adequate cause." *Id.* at 774. At a minimum, "adequate cause" requires evidence sufficient to support a finding on each fact the moving party must prove to modify the parenting plan. *Id.* at 772-73.

RCW 26.09.260 addresses the grounds for modifying a parenting plan. Amy relies on RCW 26.09.260(10), which states, "The court may order adjustments to any of the nonresidential aspects of a parenting plan upon a showing of a substantial change of circumstances of either parent or of a child, and the adjustment is in the best interest of the child." Under this statute, the court may modify a parenting plan where both (1) the movant demonstrates a substantial change of circumstances and (2) the adjustment is in the best interests of the children. *In re Marriage of Kinnan*, 131 Wn. App. 738, 747, 129 P.3d 807 (2006).

These statutes reflect a "strong statutory presumption in favor of custodial continuity and against modification." *MacLaren*, 8 Wn. App. at 771. The adequate cause requirement places a very heavy burden on the petitioner, with the goal of providing stability for the children. *Id.*

We review a superior court's determination of adequate cause for a proposed parenting plan modification for abuse of discretion. *In re Parentage of Jannot*, 149 Wn.2d 123, 128, 65 P.3d 664 (2003). A superior court abuses its discretion where its decision is manifestly unreasonable or based upon untenable grounds or reasons. *In re Marriage of Black*, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017). More specifically, "the procedures and criteria set forth in RCW 26.09.260 limit the superior court's range of discretion." *In re Marriage of Hoseth*, 115

6

Wn. App. 563, 569, 63 P.3d 164 (2003). Therefore, the superior court abuses its discretion if it fails to base its modification ruling on the statutory criteria. *Id.*

2. Superior Court Application of Modification Statutes

Initially, Amy argues that the court failed to follow the procedure outlined in RCW 26.09.270. She claims that the superior court summarily dismissed her petition without determining whether she had established adequate cause to hold a hearing on her petition. We disagree.

The superior court did not mention adequate cause in either its oral ruling or its order denying the motion for revision. Instead, in its oral ruling the court addressed the two requirements for a modification under RCW 26.09.260(10) – substantial change in circumstances and best interests of the children.

The court could have been more clear that it was making a determination regarding adequate cause under RCW 26.09.270. However, the commissioner expressly ruled that there was no adequate cause to hold a hearing on Amy's petition. At oral argument on the motion for revision, Amy's attorney referenced adequate cause to hold a hearing. When asked by the court about adequate cause, Kevin's counsel expressly denied that he agreed that there was adequate cause. And the court specifically ruled that the commissioner's order – which found no adequate cause – would stand.

We conclude that in denying the motion for revision, the superior court ruled that there was not adequate cause to hold a hearing on Amy's petition.

3. No Adequate Cause

Amy argues that the superior court erred in ruling that there had not been a substantial change in circumstances. We disagree.

7

The circumstances that had existed since the parenting plan was entered did change in September 2017. Amy showed that the parties had an arrangement for over a year after the parenting plan was entered under which Amy provided care to the children when Kevin was unavailable, and Kevin ended that arrangement. The question here is whether those changed circumstances were substantial enough under RCW 26.09.260(10) to require a finding of adequate cause for a hearing on the petition for modification.

Amy argues that the superior court erred because it found (as the commissioner suggested) that there was a change of circumstances in September 2017, but that change of circumstances no longer existed once the new routine had continued for several months. To the extent that the superior court suggested that a change of circumstances could dissipate with the passage of time, we agree with Amy that such a finding would be incorrect. The fact that changed circumstances had continued for a period of time should not affect whether there was a "substantial change in circumstances" under RCW 26.09.260(10).

However, the passage of time was not the superior court's reason for finding no substantial change of circumstances. At the hearing on the motion for revision, the superior court stated,

> [W]hat we had here was a parenting plan was put in effect. My position has always been that the parties can agree to make changes in that plan, act differently, do things differently, but at the point where they can no longer agree then the order controls.

> And that's exactly what happened here. They agreed for a while. Then the father no longer agreed, said we'll go back to the parenting plan, and that's what they did. He withdrew his agreement. . . . The plan as written has been in place since September [2017].

Report of Proceedings (June 14, 2018) at 22-23. The court essentially found that the termination of the parties' voluntary arrangement and return to the written terms of the parenting plan could

8

not constitute a substantial change in circumstances because that arrangement was not required in the parenting plan.

We agree with this reasoning. The parenting plan contained no provision allowing Amy to provide child care or transportation during Kevin's residential days and allowed the residential parent to make all day-to-day decisions for the children. Kevin was merely following the parenting plan. One parent should not be allowed to modify a parenting plan simply because the other parent for a time voluntarily agreed to an arrangement not required under that parenting plan. Amy has provided no authority supporting such a proposition.

In addition, the changes that Kevin made to the children's routine in September 2017 – placing the youngest child in day care, hiring a babysitter to watch the children and having Amy's father transport the children – were relatively minor, affecting them only one day a week and only during Kevin's residential time. These changes in no way affected Amy's residential time or her other rights under the parenting plan.

Ultimately, the superior court has broad discretion in determining whether there is a substantial change of circumstances. *In re Marriage of Tomsovic*, 118 Wn. App. 96, 106, 74 P.3d 692 (2003). We will not second guess the superior court's conclusion here that the change of circumstances that merely reapplied the provisions of the parenting plan was not substantial enough to warrant relief under RCW 26.09.260(10).

We hold that the superior court did not abuse its discretion in finding Amy did not produce sufficient evidence to demonstrate adequate cause on the issue of a substantial change of circumstances.[3]

---

[3] Because of our holding, we need not address whether there was not adequate cause for a hearing because Amy's proposed modification was not in the best interests of the children.

C.       RULING ON MERITS OF PETITION TO MODIFY

Amy contends that the superior court erred by ruling on the merits of her petition for modification without making an adequate cause determination or holding an evidentiary hearing. We disagree that the superior court ruled on the merits.

As outlined above, the superior court must deny a motion for modification unless it finds adequate cause for hearing the motion as established by the affidavits. RCW 26.09.270. A hearing must be scheduled only if the superior court finds adequate cause. RCW 26.09.270.

Here, the superior court did not rule on the merits of Amy's motion to modify. Instead, the court found that Amy had not demonstrated adequate cause for a modification of the parenting plan under RCW 26.09.260(10) because she had not made the threshold showing of a substantial change in circumstances or that the proposed adjustment was in the best interests of the children. Therefore, Amy was not entitled to an evidentiary hearing. As discussed above, we affirm this finding.

Accordingly, we hold that the superior court did not err by dismissing Amy's petition on the merits without holding an evidentiary hearing.

D.       ATTORNEY FEES ON APPEAL

Amy requests attorney fees on appeal under RCW 26.09.140 and RAP 18.1. RCW 26.09.140 gives this court discretion to award reasonable attorney fees to either party on appeal "after considering the financial resources of both parties." After considering Amy's financial declaration, we decline to award attorney fees to her.

CONCLUSION

We affirm the superior court's order ruling that Amy had not shown adequate cause to modify the parenting plan.

No. 36221-3-III

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.[4]

We concur:

_____
KORSMO, J.

_____
PENNELL, J.

---

[4] The Honorable Bradley Maxa is a judge on the Court of Appeals, Division Two, sitting in Division Three under CAR 21(a).

11