IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Marriage of:

CHRISTINE CRABTREE,

                  Respondent,

      and

DONALD CLINTON CRABTREE,

                  Appellant.

No. 84155-6-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, A.C.J. — In his third post-dissolution appeal to this court, Donald Crabtree appeals the superior court's orders on revision that affirmed the commissioner's orders on cross motions for adequate cause to modify the existing parenting plan, entry of a temporary parenting plan, and denial of his motions for contempt and to appoint a guardian ad litem.[1] The challenged rulings were all within the superior court's discretion, and no abuse of that discretion has been demonstrated. Accordingly, we affirm.

---

[1] In his prior appeals, the father challenged trial court orders finding him in contempt for the failure to pay support obligations. See Crabtree v. Crabtree, No. 81164-9-I (Wash. Ct. App. Aug. 2, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/811649.pdf; see also In re the Marriage of Crabtree, No. 80165-1-I, (Wash. Ct. App. Apr. 20, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/801651.pdf.

FACTS

Donald and Christine Crabtree[2] dissolved their marriage in 2018. A South Carolina court entered a final custody order that provided for the parties' four dependent children to live primarily with Christine and to reside with Clint every other weekend. Soon after the entry of this order, both parties relocated to Washington State.

In 2020, based on Clint's acknowledged use of physical discipline against the parties' oldest child, in violation of an express provision of the 2018 South Carolina custody order, the superior court entered a restraining order suspending his visitation with the children, who were then between the ages of 6 and 12, and also found him to be in contempt.[3] The restraining order provided that Clint could petition the court to resume his residential time after he completed a court-approved parenting class, and submitted a declaration to the court acknowledging that physical discipline constitutes corporal punishment and stating that he will not administer corporal punishment to the children (consistent with the terms of the 2018 South Carolina order). In the interim, the 2020 order allowed him two telephone or video calls per week with the children, during specific one-hour windows. A year later, when Clint still had not submitted the required declaration, the court reissued a protection order that included the same provisions.[4]

---

[2] Because the parties share the same last name, we refer to the parties by their first names for clarity. No disrespect is intended. Further, as the record establishes that Donald Crabtree uses his middle name, we address him as Clint, the form of his middle name used by the parties in the trial court.

[3] The 2018 custody order specifically prohibits the father from administering "corporal punishment on the children."

[4] The 2021 protection order is not in the record, but the parties do not dispute that the court reissued the order and included the same provision as the 2020 order.

In 2022, when the second restraining order was about to expire, Christine filed a motion for adequate cause to modify the parenting plan. She sought entry of a Washington parenting plan that reflected the provisions of the prior South Carolina court order and also incorporated the provisions of the 2020 and 2021 restraining orders that suspended Clint's in-person visitation. Christine also requested that she no longer be required to consult with Clint on certain major issues involving the children, as required under the 2018 order.

Clint then filed his own motion for an adequate cause determination that sought to modify the parenting plan and motions for contempt, a restraining order, and to appoint a guardian ad litem (GAL). After a hearing, a superior court commissioner granted Christine's motion for adequate cause and entered her proposed temporary parenting plan. At the same time, the commissioner denied Clint's motion for adequate cause and his other motions, and specifically found that even if Christine violated provisions of the South Carolina custody order, her violations were not intentional or willfully contemptuous. Clint sought revision of the commissioner's orders. After a hearing, the superior court denied revision.

Clint timely appealed.

ANALYSIS

At the outset, we note that Clint represents himself on appeal, as he did in the trial court. Pro se litigants are held to the same standards as attorneys and are bound by the same rules of procedure and substantive law. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). To comply with the Rules of Appellate Procedure, an appellant's brief must contain "argument in support of the

issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Here, with few exceptions, Clint's recitation of facts is unsupported by proper references to the record on appeal and, to a large extent, is not relevant to the orders on review. He fails to provide the standard of review, acknowledge that he appeals from the superior court's order on revision, and, for the most part, fails to address the applicable legal standards. With these limitations in mind, we address the essence of Clint's claims on appeal to the extent it is possible to do so.

Parenting plan modifications are governed by RCW 26.09.260 and .270. A parent who petitions for modification must submit sworn statements establishing adequate cause to justify a full modification hearing. RCW 26.09.270. In making an adequate cause determination, the "trial court considers and weighs the facts alleged by the parties in the affidavits, the evidence, and other factors on a case-by-case basis." In re Marriage of MacLaren, 8 Wn. App. 2d 751, 774, 440 P.3d 1055 (2019). If the adequate cause burden is not met, the court cannot proceed to a full hearing on the merits of a petition. In re Parentage of Jannot, 149 Wn.2d 123, 124, 65 P.3d 664 (2003).

A trial court's decision on adequate cause is reviewed for abuse of discretion. Id. at 128. A trial court decision on a motion for contempt is likewise reviewed for an abuse of discretion. In re Marriage of DeVogel, 22 Wn. App. 2d 39, 53, 509 P.3d 832 (2022). A court abuses its discretion when its order is based on untenable grounds or reasons, or is otherwise manifestly unreasonable. Gildon v. Simon Prop. Grp., Inc., 158 Wn.2d 483, 494, 145 P.3d 1196 (2006). Where, as

here, a party appeals from an order on revision, we review "the decision of the superior court judge, not the commissioner." In re Marriage of Lyle, 199 Wn. App. 629, 633, 398 P.3d 1225 (2017). A denial of revision "constitutes an adoption of the commissioner's decision." In re Marriage of Williams, 156 Wn. App. 22, 27-28, 232 P.3d 573 (2010).

I.      Adequate Cause

Clint challenges the determination that Christine established adequate cause to modify the parenting plan. To support her petition to modify, Christine relied on RCW 26.09.260(4), which allows the court to reduce or restrict contact between child and the parent if such reduction or restriction would serve and protect the best interests of the child under the criteria in RCW 26.09.191, and on RCW 26.09.260(8)(a), which authorizes adjustment of a residential schedule if a parent "voluntarily fails to exercise residential time for an extended period, that is, one year or longer." Clint asserts that Christine failed to establish adequate cause for modification under either of these provisions because his lack of in-person contact with his children cannot be considered willful. Instead, he claims the court's ruling took advantage of his "religious convictions against forced speech."[5]

But, as noted, Clint does not identify or apply any standard of review. And Clint's subjective view of the court-imposed declaration requirement does not

---

[5] Insofar as Clint's brief suggests that the declaration provision in the prior restraining orders that was incorporated into the temporary parenting plan violates his right to free speech, he did not appeal the restraining orders and provides no legal authority or cogent argument to support his position. See Holland v. City of Tacoma, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."); see also RAP 5.2(a) (establishing that notice of appeal must be filed within 30 days of entry of the decision); see also RAP 2.4(a) (explaining that this court generally reviews only those decisions that are designated in the notice of appeal).

change the fact that the decision about whether or not to comply with the requirements was wholly within Clint's control. It is uncontroverted that, during the two-year period the restraining orders were in effect, Clint had the ability to complete both requirements and petition the court to reinstate his residential time. The court had a tenable basis for concluding that his failure to do so was a deliberate choice, and therefore, his lack of contact with the children was willful and not inadvertent or somehow beyond his control. Clint fails to establish that the court abused its discretion in finding the evidence sufficient to warrant a full hearing on Christine's modification petition.

II.      Misrepresentation of Proposed Changes

Clint appears to challenge the temporary parenting plan by an assertion that Christine misrepresented the provisions she proposed. Specifically, he claims that Christine misled the court when her attorney characterized her primary objectives as seeking entry of a Washington parenting plan, because both parties had resided in Washington for nearly four years, and incorporating the provisions of the 2020 and 2021 restraining orders into the new permanent parenting plan.

Counsel's statement was not misleading or inconsistent with Christine's proposed parenting plan. Her proposed plan included provisions for residential time with Clint, for both parents to attend their children's events, and for liberal telephone and electronic communication with both parents, but suspended those provisions in accordance with the 2020 and 2021 restraining orders, until Clint completed the court-ordered requirements. Clint points to no provisions in the temporary plan that were not included in the proposed plan filed by Christine a

month earlier. The record simply does not support his assertion that Christine "snuck" provisions into the temporary parenting plan that she later verbally disavowed.

III.    Contempt and Other Motions

Clint next challenges the superior court's order that declined to find Christine to be in contempt. He argues that Christine, in fact, violated the 2018 custody order by:

(1) refusing to disclose her home address;

(2) failing to provide notice of overnight travel with the children;

(3) violating a condition of the custody order relating to a "paramour presence";

(4) requiring his telephone calls to be on speakerphone and limiting the duration and frequency of those calls;

(5) failing to share information about counselors;

(6) failing to timely provide information about a medical emergency;

(7) failing to consult Clint about COVID-19[6] vaccination and counseling for two of the children; and

(8) instructing one of the children to hang up the phone on him.

Clint relies on the evidence he presented in support of his contempt motion to argue that Christine intentionally and willfully violated the 2018 custody order.

To the extent that he mentions Christine's testimony in response to his allegations, he contends she was not credible and/or her interpretation of the court

---

[6] 2019 novel corona virus infectious disease.

orders in effect were unreasonable. Here again, Clint's arguments fail to address the deferential standard of review. Contrary to his apparent belief, this court does not find facts, resolve conflicts in the evidence, or reweigh the evidence to determine if we would reach a different conclusion from the trial court. See In re Marriage of McNaught, 189 Wn. App. 545, 561, 359 P.3d 811 (2015). The trial court was entitled to give credit to Christine's testimony. Substantial evidence in the record supports the court's determination that, to the extent Christine violated the custody order, she did not intentionally or willfully do so. The trial court did not abuse its discretion in declining to find Christine in contempt.[7]

Finally, Clint also challenges the denial of his motion for adequate cause, refusal to enter his proposed temporary parenting plan, and the denial of his motion to appoint a GAL. The premise of the assignments of error on these various issues is that Christine contemptuously violated provisions of the custody order. Because Clint establishes no error with regard to the motion for contempt, these claims likewise fail.

IV.    Attorney Fees

Christine requests an award of reasonable attorney fees and costs on appeal under RAP 18.9. "RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action." Advoc. for Responsible Dev. v. W. Wash.

---

[7] Clint further alleges "[u]nequal application of the [l]aw" because the court previously found him to be in contempt for violating the custody order, and failed to make the same finding as to Christine. But there is no uneven application of the law when the court considered different allegations involving Christine, and different evidence, and reached a different conclusion.

Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010). An appeal is frivolous when, considering the entire record, it "presents no debatable issues upon which reasonable minds might differ" and "is so devoid of merit that there is no possibility of reversal." Id. Clint's appeal was critically deficient because he failed to apply the standard of review or address the evidentiary standard the trial court applies when addressing a petition to modify a parenting plan. Further, he devoted the majority of his briefing to rearguing the facts when this court must defer to the superior court on factual issues. We conclude that Clint's appeal raised no debatable issues and we therefore award reasonable attorney fees and costs to Christine, pursuant to her compliance with the applicable RAPs.[8]

Affirmed.

WE CONCUR:

---

[8] Because we conclude that an award of fees is warranted under RAP 18.9, we need not address Christine's request under RCW 26.09.140.