[No. 19039.   Department One.   January 9, 1925.]

THE STATE OF WASHINGTON, *on the Relation of May Lockhart, Plaintiff,* v. CHARLES E. CLAYPOOL, *Court Commissioner of the Superior Court for King County, Respondent.*[1]

COURT COMMISSIONERS (1)—POWERS—COURTS—JUDGE AT CHAMBERS —CONSTITUTIONAL PROVISIONS.   Const., Art. 4, § 23, authorizing the appointment of a court commissioner, with like powers as a judge of the superior court at chambers, refers to such powers as a judge had at chambers at the time of the adoption of the constitution, which included the power to modify allowances for alimony in a decree of divorce, under Code of 1881, § 2138, authorizing judges at chambers to hear and try all motions and other matters not requiring a trial by jury.

Application filed in the supreme court November 29, 1924, for a writ of prohibition directed to Hon. Charles E. Claypool, court commissioner of King county, to prohibit the hearing of proceedings for modification of a divorce decree.   Denied.

*R. J. Meakim,* for relator.

*James R. Chambers,* for respondent.

MAIN, C. J.—By this action the relator seeks a writ of prohibition directed to the court commissioner for King county.

The matter which it is claimed the court commissioner has no power or right to hear involves the modification of a divorce decree as applied to alimony, when the provision for such modification was reserved in the original decree of divorce.

The question here to be determined is the extent of the powers of the court commissioner.   To determine this question, resort must be first made to the constitution.   Section 23, of art. IV, thereof provides:

[1]Reported in 232 Pac. 351.

"There may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners, not exceeding three in number, who shall have authority to perform like duties as a judge of the superior court at chambers, subject to revision by such judge, to take depositions and to perform such other business connected with the administration of justice as may be prescribed by law."

Under this provision the court commissioner is given: First, power "to perform like duties as a judge of the superior court at chambers, subject to revision by said judge; second, power "to take depositions;" and, third, power "to perform such other business connected with the administration of justice as may be prescribed by law."

The question, more particularly, is, What powers are conferred upon a judge at chambers? Was it the intention of the makers of the constitution to give the commissioners such powers as then existed by law, or was it intended to give them such powers as might in the future be conferred upon a judge at chambers? At the time the constitution was adopted, the powers of a judge at chambers, as defined by § 2138 of the code of 1881, p. 368, were these:

"The several judges of the district courts in this territory, and each of them in their respective districts, may, at chambers, in vacation, entertain, try, hear and determine, all actions, causes, motions, demurrers and other matters not requiring a trial by jury; and all rulings, orders, judgments and decrees, made or rendered by a judge of the district court at chambers, may be entered of record in vacation, and shall have like force and effect as though made or rendered at a regular term of the district court."

In *Peterson v. Dillon*, 27 Wash. 78, 67 Pac. 397, speaking with reference to whether the court commis-

sioners had such power as a judge at chambers at the time of the adoption of the constitution, it was said:

"Under our present system, when an act of a judicial nature is performed by the judge, it is, in contemplation of law, done in open court, although the act may in reality be done in the private room or office of the judge. When the framers of the constitution used the term 'at chambers' in speaking of the duties performed by the judges at chambers, they had in view a certain object, and, in order to ascertain what this was, we must have recourse to the meaning of the term 'at chambers' as it was understood at the time this particular provision of the constitution was framed. The courts established by the constitution were to supersede the territorial courts. The men who framed the constitution were familiar with the powers then exercised by the judges at chambers, and in using that term it is fair to infer that they had reference to such powers."

In *State ex rel. Attorney General v. Seattle Gas & Elec. Co.*, 28 Wash. 488, 68 Pac. 946, 70 Pac. 114, one of the questions involved was the power of the *Attorney General,* and it was there held, following a case cited from Indiana, that that officer's powers must be interpreted in the light of the law of the territory in existence at the time the constitution was adopted. It was there said:

"The constitution and statutes of this state define his (the attorney general's) power. To the constitution, therefore, and the laws enacted in pursuance thereof, we must look for these powers, and not to the common law. The use of the term 'attorney general,' as used in the constitution, must be interpreted in the light of the laws of the territory in existence at the time the constitution was adopted."

Prior to the adoption of the constitution, there were specified terms of the court, but this was changed by § 6, art. IV, thereof, which provided that the superior courts    "    .    .    shall always be open, ex-

cept on nonjudicial days, and their process shall extend to all parts of the state.'' If a court commissioner does not have the powers as they existed at the time of the adoption of the constitution, it is difficult to see just what the framers thereof had in mind when they provided that he should have such powers as a court at chambers, since in the other provision of the constitution they had provided that the court should always be open. In *State v. Philip,* 44 Wash. 615, 87 Pac. 955, there are some observations not in harmony with the views above indicated, but what was there said upon the question was not necessary to the decision in that case, because there the defendant, being charged with a crime, was arraigned before, and after a plea of guilty was sentenced by, the court commissioner, when the statute provided that the plea of guilty could only be put in by the defendant ''himself in open court.'' Rem. Comp. Stat., § 2110 [P. C. § 9163]. Powers given to the commissioner by the constitution, of course, cannot be taken away by any legislative enactment, but, as held in *Howard v. Hanson,* 49 Wash. 314, 95 Pac. 265, the legislature has power to add to those specifically enumerated in the constitution, subject to the restriction that such powers shall be connected with the administration of justice.

Our conclusion is that the court commissioner has, under the constitutional provision giving him such power as a judge at chambers, the same powers which a judge at chambers had the right to exercise at the time of the adoption of the constitution, as above set out.

The writ will be denied.

TOLMAN, PEMBERTON, BRIDGES, and FULLERTON, JJ.; concur.