[No. 19705. Department Two. January 25, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Arthur C. Biddinger, Relator,* v. AUSTIN E. GRIFFITHS, *Judge of the Superior Court for King County, Respondent.*[1]

[1] COURT COMMISSIONERS (4)—PROCEDURE — REVIEW BY SUPERIOR COURT. The superior court must take jurisdiction to review all the proceedings of a court commissioner, including the evidence and the entire proceeding, for which it may require the evidence to be certified; in view of Const. Art. IV § 23, giving court commissioners all the authority of a judge at chambers, "subject to revision" by the judge, and Rem. Comp. Stat., § 86, providing that all his acts and proceedings shall be subject to revision by the court and that any party in interest may demand such revision.

Application filed in the supreme court December 3, 1925, for a writ of mandamus to the superior court for King county, Griffiths, J., to compel review of the action of a court commissioner in granting a decree of divorce. Granted.

*E. P. Whiting,* for relator.
*John F. Dore,* for respondent.

MAIN, J.—This is an application for writ of mandamus directed to the Honorable Austin E. Griffiths, one of the judges of the superior court of King county. The situation out of which the application arose is this: In an action entitled Biddinger v. Biddinger the superior court on June 13, 1924, entered an interlocutory decree of divorce. By the terms of the decree, the plaintiff in that action was awarded $75 per month alimony and attorneys' fees. The final decree was entered on March 3, 1925. On September 29, 1925, an order to show cause was issued, directed to the defendant,

¹Reported in 242 Pac. 969.

requiring him to appear and show cause why he should
not be punished for contempt for failing to pay the
alimony provided for in the decree. When the matter
came on for hearing before the superior court, it was
referred to the Honorable Charles E. Claypool, as court
commissioner for trial. The court commissioner heard
the cause, found that $1,075 was due and unpaid as
alimony, and directed that the defendant be committed
to the county jail until he should pay the same. There-
after, and within the time provided for by statute, the
defendant filed a motion in the superior court for a
review of the orders and rulings of the commissioner.

When this motion came on for hearing, the trial court
was willing to entertain jurisdiction to the extent of
inquiring whether the process was regular, and whether
the findings of the commissioner supported the judg-
ment, and that the proceeding was regular and accord-
ing to law upon its face. The trial court, however, as
we understand it, was disinclined to take jurisdiction
to the extent of reviewing the entire case as heard by
the commissioner. By this application the relator, the
defendant in the superior court, seeks to require the
respondent to take full jurisdiction of the cause.

[1] The question to be determined is the extent of
the power and duty of the trial court to review a cause
which has been heard before the commissioner.

Section 23 of article IV of the constitution provides:

"There may be appointed in each county, by the
judge of the superior court having jurisdiction therein,
one or more court commissioners, not exceeding three
in number, who shall have authority to perform like
duties as a judge of the superior court at chambers,
subject to revision by said judge, to take depositions
and to perform such other business connected with
the administration of justice as may be prescribed
by law."

15—137 WASH.

It will be observed that, by this section of the constitution, the court commissioner has power to perform the same duties as a judge of the superior court at chambers, "subject to revision by said judge" who had referred the case to him.

In *State ex rel. Lockhart v. Claypool*, 132 Wash. 374, 232 Pac. 351, the court passed upon the question of the extent of the power or authority of a court commissioner. In that case, however, the question of the review of a cause, after it has been tried by a commissioner, was not involved or determined. The question of the review is entirely distinct and separate from that of authority or extent of power.

Section 86, Rem. Comp. Stat., provides:

"All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner. Such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner, and unless a demand for revision is made within ten days from the entry of the order or judgment of the court commissioner, his orders and judgments shall be and become the orders and judgments of the superior court, and from same an appeal may be taken to the supreme court in all cases where an appeal will lie from like orders and judgments entered by the judge."

It will be noted that, by this section, "all of the acts and proceedings" of the court commissioners shall be subject to revision by the superior court, and, further, that "such revision shall be upon the records of the case, and the findings of fact and conclusions of law entered by the court commissioner . . ." All the acts and proceedings mentioned in the statute undoubt-

edly include the rulings of the court commissioner upon the rejection or admission of evidence. The records of the case, as mentioned in the statute, undoubtedly refer to something else than findings of fact and conclusions of law, for these are specially mentioned. It is clear, it seems to us, that what was contemplated by the legislature was that, upon application, the trial court should review the entire proceeding before the commissioner and this would include the evidence taken before that officer. The trial court had the power to direct that the evidence taken before the court commissioner be certified by that officer in order that it, along with the findings and conclusions, might be reviewed.

Section 69 of the code provides that, when jurisdiction is by the constitution or by statute conferred on a judicial officer, all means necessary to carry it into effect are also given and, if the course of proceeding be not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit "of this code."

The constitution as well as the statute, § 86 above quoted, uses the word "revision," but this is equivalent to the word "review." "Revision" is defined by the Century Dictionary as follows: "To look carefully over with a view to correction; go over in order to suggest or make desirable changes and corrections; review." "Review" is defined by that dictionary as follows: "To consider or examine again; revise; as, a court of appeals reviews the judgment of an inferior court."

It was the duty of the trial court to take jurisdiction of the entire case as heard before the commissioner. It follows that the writ should issue.

TOLMAN, C. J., MITCHELL, MACKINTOSH, and PARKER, JJ., concur.