[No. 44575.  En Banc.  May 5, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES BRUCE PORTER, *Appellant.*

*James S. Hogan,* for appellant.

*Joseph Panattoni, Prosecuting Attorney,* and *David H. Gorrie, Deputy,* for respondent.

BRACHTENBACH, J.—Defendant appeals from a conviction of two counts of violating the Uniform Controlled Substances Act. He was convicted of possessing marijuana in violation of RCW 69.50.401(c) and of manufacturing or having in his possession with intent to manufacture or deliver marijuana in violation of RCW 69.50.401(a).

Defendant's sole ground on appeal is alleged error in the denial of a pretrial motion to quash a search warrant and suppress evidence seized in execution of that warrant. After denial of the motion, a nonjury trial resulted in defendant's conviction. We affirm.

Defendant's troubles began when he and his roommates placed their marijuana plants on a windowsill facing a public street. A passing police officer noticed the plants which predictably led to an affidavit for a search warrant of the premises. No appellate challenge is made to the sufficiency of the affidavit.

The affidavit was submitted to a nonlawyer district court commissioner who issued the warrant. The search turned up marijuana plants, numerous bags of marijuana, stems, seeds and containers of refined marijuana. In an unchallenged confession, the defendant admitted to common possession of the premises, to the possession and use of

marijuana and with selling and delivering marijuana, albeit in small quantities.

Defendant's attack upon the issuance of the search warrant is threefold. First, he contends that a district court commissioner has no authority to issue a search warrant. Second, if that authority is found to exist, the appointment of this commissioner was defective. Third, defendant argues that a search warrant issued by a nonlawyer, nonjudge commissioner is constitutionally defective for reasons discussed later.

■ Thus we first inquire whether there is authority for a district court commissioner to issue a search warrant. Our rules, JCrR 2.10, authorize issuance of a search warrant by a magistrate. The next question then is who is a magistrate? The statutory definition of a magistrate includes a justice of the peace. RCW 2.20.020. The rule and statute combined provide the authority for the justice of the peace to issue a search warrant. Must that authority be exercised only by the judge personally? No. The legislature has created justice court commissioners who shall "have such power, authority and jurisdiction in criminal matters as the justices of the peace who appointed him possess and shall prescribe." RCW 3.42.020.

Hence within the confines of the statute a justice of the peace can function through a commissioner. It follows that a commissioner can issue a search warrant.

Second, was this particular commissioner properly appointed and qualified? Defendant contends the appointment was oral, without an oath and without a written prescription of duties.

The appointment, oath and definition of duties occurred some 8 years before the event here. Memories had dimmed; the State failed to produce any documentary proof of appointment. However, the judge and the commissioner recalled the appointment to have been made orally and that duties were prescribed and that an oath was taken. The trial court so found.

The statute does not require a written appointment although that would be preferable; the only formal requirement is the taking of an oath. RCW 3.42.020; RCW 3.34-.080. Additionally, in oral argument, defendant's counsel, with commendable candor, disclosed that after the trial he discovered a written document evidencing the appointment and the oath. There was no error on this point.

■ Third, defendant urges that a warrant issued by a nonlawyer court commissioner violates the Fourth Amendment requirement of probable cause being found by a neutral and detached magistrate. As stated in *Shadwick v. Tampa,* 407 U.S. 345, 350, 32 L. Ed. 2d 783, 92 S. Ct. 2119 (1972), the issuing magistrate "must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search."

In *Shadwick* the court upheld an arrest warrant issued by a municipal court clerk. Defendant seeks to distinguish *Shadwick* on the basis that the issuance of a search warrant is more complicated and complex than an arrest warrant. That may be true, but the standards remain the same, neutrality, detachment and the capability to determine probable cause. There is no reason to apply a different test in the issuance of a search warrant than an arrest warrant. Defendant does not argue that this particular commissioner did not meet these criteria. Rather he challenges the whole concept of a nonlawyer commissioner issuing a search warrant. Under our statute the commissioner acts in lieu of the judge. This gives the necessary neutrality and detachment. We are not convinced that a lay commissioner is incapable of determining probable cause.

In fact, in *Shadwick,* the court refers several times to search warrants and seemingly drew no distinction between search and arrest warrants. We decline to draw any such distinction.

The judgment is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.