[No. 16541-4-II.   Division Two.   June 1, 1995.]

THE STATE OF WASHINGTON, *Respondent,* v. DUANE L. GOSS, *Petitioner.*

*John William Beuhler* and *Cassel Beuhler Hotchkiss & Ditommaso* (appointed counsel for appeal), for petitioner.

*Michael Smith, Prosecuting Attorney*, and *James Allen Conley, Special Deputy*, for respondent.

MORGAN, J. — Duane L. Goss seeks discretionary review on the question of whether a superior court commissioner has authority to issue a search warrant.[1] Answering yes, we remand for further proceedings.

On March 6, 1992, a commissioner of the Pacific County Superior Court signed a search warrant that resulted in the discovery of a marijuana grow operation. Goss was charged with count 1, manufacture of marijuana, and count 2, possession of marijuana with intent to manufacture or deliver. Before trial, he filed a motion to suppress, contending that the commissioner lacked authority to issue a search warrant. The trial judge ruled to the contrary, and this court granted discretionary review.

Article IV, section 23 of the Washington State Constitution provides:

> There may be appointed in each county, by the judge of the superior court having jurisdiction therein, one or more court commissioners, not exceeding three in number, who shall have authority to perform like duties as a judge of the superior court at chambers, subject to revision by such judge, to take depositions and to perform such other business connected with the administration of justice as may be prescribed by law.

---

[1]This question does not involve district court commissioners, who are governed by provisions different from those discussed here. *See, e.g., State v. Moore*, 73 Wn. App. 805, 871 P.2d 1086 (1994).

This provision vests a superior court commissioner with three kinds of power:

> First, power "to perform like duties as a judge of the superior court at chambers," subject to revision by said judge; second, power "to take depositions;" and, third, power "to perform such other business connected with the administration of justice as may be prescribed by law."

*State ex rel. Lockhart v. Claypool*, 132 Wash. 374, 375, 232 P. 351 (1925); *see also Howard v. Hanson*, 49 Wash. 314, 318, 95 P. 265 (1908). These powers may be increased but not decreased by the Legislature.[2] *Lockhart*, 132 Wash. at 377; *Howard*, 49 Wash. at 318-19; *State ex rel. Henderson v. Woods*, 72 Wn. App. 544, 549, 865 P.2d 33 (1994); *In re Olson*, 12 Wn. App. 682, 687, 531 P.2d 508, *review denied*, 85 Wn.2d 1010 (1975).

In this case, neither party relies on statute,[3] and the case does not involve a deposition. Thus, only the first kind of power is in issue.

■ When the Washington Constitution was adopted in 1889, the judges of courts of general jurisdiction, "at chambers", could "entertain, try, hear and determine, all actions, causes, motions, demurrers and other matters not requiring a trial by jury". Code of 1881, § 2138, p. 368; *Lockhart*, 132 Wash. at 375; *Peterson v. Dillon*, 27 Wash. 78, 84, 67 P. 397 (1901); *Woods*, 72 Wn. App. at 548-49. The framers of the Washington Constitution intended that superior court commissioners have like powers. *Lockhart*, 132 Wash. at 376 (quoting *Peterson*, 27 Wash. at 83-84). It follows that a court commissioner appointed under article IV, section 23, has authority to act in any matter not requiring a trial by jury, subject to revision by a superior court judge.

■ In this case, Goss argues that the superior court

---

[2]This is not to say, however, that the Legislature cannot statutorily prescribe the qualifications of superior court commissioners. *See* RCW 2.24.010.

[3]Goss discusses several statutes in his brief. Because the State is not relying on those statutes, however, the discussion is immaterial.

commissioner exceeded his authority for several reasons. First, he says that the issuance of a search warrant "is part of a criminal matter to which attaches the right to trial by jury and it is therefore outside the purview of a superior court commissioner".[4] A search warrant, however, can be issued even though no criminal charge is on file or ever filed. Indeed, a search warrant can even be issued by a court that lacks jurisdiction to try the crime that is ultimately charged. It follows that the issuance of a search warrant is a matter not requiring trial by jury.

Second, Goss says that a commissioner's decision to issue a search warrant is not subject to revision because the warrant will be executed before a superior court judge can act. The question thus raised is whether a superior court commissioner is barred from making decisions that will take effect before a proceeding for revision can be convened.

According to the Supreme Court, "revision" is equivalent to "review", and "review" means "[t]o consider or examine again; revise; as, a court of appeals reviews the judgment of an inferior court".[5] *State ex rel. Biddinger v. Griffiths*, 137 Wash. 448, 451, 242 P. 969 (1926). An appellate court often reviews the judgment of a lower court after that judgment has taken effect. *Cf.* RAP 7.2; RAP 8.1-8.2. It follows that revision is adequate for purposes of article IV, section 23, even though it comes after the commissioner's decision has taken effect.[6]

Third, Goss says that a commissioner's decision to issue

---

[4]Br. of Appellant, at 23.

[5]In *Biddinger*, a superior court judge agreed to review whether a commissioner's conclusions of law were supported by findings of fact. The judge refused to review whether the findings were supported by the evidence. The Supreme Court required the judge to "review the entire proceeding before the commissioner", and "this would include the evidence taken before the officer". *State ex rel. Biddinger v. Griffiths*, 137 Wash. 448, 451, 242 P. 969 (1926).

[6]This conclusion can be illustrated by common practice. For example, commissioners' decisions on matters such as child support, commitment to a juvenile institution and commitment to a mental hospital often take effect before revision can be sought or obtained.

a search warrant is not subject to revision because no record is made. CrR 2.3(c) provides in part:

> A search warrant may be issued only if the court determines there is probable cause for the issuance of a warrant. There must be an affidavit or affidavits or sworn testimony establishing the grounds for issuing the warrant. The sworn testimony may be an electronically recorded telephonic statement. The recording or a duplication of the recording shall be a part of the court record . . .. The court shall record a summary of any additional evidence on which it relies.

Thus, the law requires that a record be made, and there is no indication that the law was not followed in this case.

Finally, Goss says that a superior court commissioner should not be permitted to issue a search warrant because he or she may not have legal training. Correctly noting that district court commissioners are required to be admitted to the bar or pass a qualifying examination for lay judges, RCW 3.42.010, while superior court commissioners are not, RCW 2.24.010, Goss argues, "If the court agrees with the state that superior court commissioners can act in criminal matters, this lays open the possibility of superior court commissioners who have no legal background making decisions whether or not search warrant applications meet constitutional and statutory requirements, such as prima facie reliability, compliance with the *Aguilar-Spinelli* test and a myriad of other complex legal concepts".[7]

The Supreme Court tersely overruled this argument in *State v. Porter*, 88 Wn.2d 512, 514-15, 563 P.2d 829 (1977). At that time, there was no requirement that district court commissioners be admitted to the bar or pass a qualifying examination for lay judges.[8] The defendant "challenge[d] the whole concept of a nonlawyer commissioner issuing a search warrant". 88 Wn.2d at 515. The Supreme Court

---

[7]Br. of Appellant, at 10-11.

[8]The requirement that district court commissioners be admitted to the bar or pass a qualifying examination was enacted by the legislature in 1980, Laws of 1980, ch. 162, § 7, perhaps as a response to the *Porter* decision.

unanimously rejected the challenge, saying, "We are not convinced that a lay commissioner is incapable of determining probable cause". 88 Wn.2d at 515.

We conclude that a superior court commissioner has authority to issue a search warrant by virtue of article IV, section 23 of our constitution. Thus, we remand to the superior court for further proceedings.

BRIDGEWATER, J., and ALEXANDER, J. Pro Tem., concur.

Reconsideration denied July 7, 1995.